Curia, per

Richardson, J.
The question for the court to decide is, can the general verdict for the defendant be supported. The defence to the bond of $1000 was a failure of the whole consideration. This defence the jury have verified. The evidence shewed sufficiently, at least after the verdict, that $1110 was the price to be paid lor the three negroes : that some time after the sale to Johnson, the negroes were taken from him, by virtue of an elder mortgage given by Withers, without notice to Johnson, and sold ; at what price is immaterial. It is enough that Johnson lost the negroes by the act of the vendor. The price to be paid was the measure of the bond, and must be the measure of the discount. If we stop here, Johnson ought to have had his bond of $1000 and the balance of $110 returned to him. And strictly speaking, the facts reported go no farther. But it appears from the facts involved in the case, or rather from inferences, though not reported, nor used at the trial, that Johnson had the labor of the negroes for some years. This labor, according to a veiy equitable rule, well established where there is no specific evidence, ought to amount per an-num, to ¿610, or $42,profits per head, and the strict legal verdict might have been for the difference between the value of the labor and the $110 which Johnson paid for the three negroes, over and above the bond of $1000. But this difference was neither proven nor insisted upon at the trial. Whereupon the jury *131 found by their verdict that the whole consideration of the bond had failed. And when we consider that the whole fault of selling the negroes before mortgaged, lies at the dnor of the obligee, that Johnson had been obliged to suffer unexpectedly, a derangement of his contract, and possibly much inconvenience in the domestic relations of his negroes by the loss of three taken from him “ nolens volens,” the court does not feel itself urged by any strong principle of justice, or rule of law, to send the case back in order that the plaintiff may possibly get a small balance which he did not make plainly appear at the trial already had. And that too, when the verdict is by no means inequitable, and is supported by the evidence actually adduced.
The motion is dismissed.
Johnson, J. dissented.
Colcock, J.
I think it the plain case of a loss of property by a title paramount, and the defendant’s plea is a suit for the recovery of the value of the property, which, according to the established law, is the price paid and interest, or the value of the labour in the case of negroes.